UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JESSIE HARLEY                                                                                               PLAINTIFF


v.                                                                              CIVIL ACTION NO. 3:09CV-876-S


MICHAEL ASTRUE, Commissioner
of Social Security                                                                                         DEFENDANT


# MEMORANDUM OPINION

This matter is before the court for consideration of the Report and Recommendation of the United States Magistrate Judge (DN 20) in this appeal from the decision of the Social Security Appeals Council on the plaintiff's disability claim. The Commissioner of Social Security has filed objections to the magistrate judge's report (DN 22) and the plaintiff has responded (DN 25).

The plaintiff, Jessie Harley, seeks judicial review of the final decision denying his claim for disability and supplemental security income ("SSI") benefits.[1]

A final decision was rendered on September 2, 2009 by the Appeals Council denying Title II and Title XVI benefits, entering the following numbered findings:

---

[1]The legal standards and procedural history recited herein are taken in large part from the magistrate judge's report. To the extent that we recite those portions of the report in this opinion, the findings are thus accepted and adopted as our own. We reject the conclusions and recommendation of the magistrate judge, however. The court has conducted a *de novo* review and reached its own findings and conclusions in this opinion.

> 1. The claimant met the special earnings requirements of the Act on January 18, 2006, the date the claimant stated he became unable to work and met them through December 31, 2008. The claimant has not engaged in substantial gainful activity since January 18, 2006.
>
> 2. The claimant has alleged the following impairments: pancreatitis, right index finger laceration, back pain, depression and heart condition.
>
> 3. The claimant's subjective complaints are not fully credible for the reasons identified in the body of this decision.
>
> 4. The claimant does not have any medically determinable impairment or combination of impairments which has more than a minimal effect on his ability to do any work activity. Therefore, the claimant does not have a severe impairment (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. The claimant is not disabled as defined in the Social Security Act at any time through the date of the Administrative Law Judge's decision (April 19, 2008).

(Administrative Record (AR), p. 7).

**Governing Legal Standards**

The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching his decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir. 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir. 1988). In determining

whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir. 1992). However:

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir. 1986).

To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act. To qualify for supplemental security income (SSI) benefits, a claimant must file a Title XVI application, must have insufficient earnings and other financial resources, and must be under a disability as defined by the Act. The determination of disability is essentially the same for Title II and Title XVI purposes.

Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir. 1985). Any physical or mental impairment that has more than a *de minimis*, or significant, effect on

the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir. 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions, the Commissioner may rely on the particular rule only as a "framework for decisionmaking." Section 200.00(e)(1) and

(2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir. 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir. 1987).

**Procedural History**

In October of 2004, Harley underwent laparoscopic cholecystectomy, or removal of the gall bladder (AR, p. 474). Harley alleges disability commencing in January of 2006, the month he ceased working, was admitted and released from Jewish Hospital in Shelbyville, Kentucky, due to symptoms of acute pancreatitis (AR, p. 285). According to the plaintiff's treating physician, Dr. Thomas Crain, as of January of 2006, Harley was suffering from "acute on chronic" pancreatitis. (AR, p. 479).

Harley testified that he is disabled because abdominal and back pain that he experiences during exacerbation of his condition necessitates that he lie down during the work day, and the diarrhea necessitates unscheduled bathroom breaks. However, Harley was not specific as to the frequency and duration of needed rest and bathroom breaks, nor did Administrative Law Judge ("ALJ") Gloria York or counsel elicit clarification during the initial disability hearing. Harley simply stated that it occurred "a lot" (AR, pp. 37 and 43). He did not allege any particular exertional limitation associated with his pancreatitis. However, he did indicate the presence of non-exertional manipulative limitations due to laceration and re-attachment of the index finger of his non-dominant right hand.

Two vocational hypothetical questions were posed at the hearing. The first hypothetical established that an individual who can perform "medium" work and has difficulty grasping and gripping objects with the right non-dominant upper extremity would be unable to perform Harley's past relevant work (AR, pp. 54-55). However, such an individual could perform a significant number of other jobs in the national economy. The second hypothetical indicated that an individual who is restricted to "light" work and with the following non-exertional limitations would be unemployable (AR, p. 56):

> **ALJ:** [The plaintiff] testified that there would be at least many days, let's say half, 15 days of the month, that he would be experiencing diarrhea and would have to use the restroom four or five times a day during an eight hour workday. He also indicated that he must lie down several times during an eight hour workday in order to relieve pain.

On April 19, 2009, the ALJ issued her written decision, finding that the plaintiff's "severe" chronic pancreatitis restricts him to "light" work and precludes past relevant work. Nevertheless, the ALJ concluded that a fifth-step finding of "not disabled" was supported by a direct application of Medical-Vocational Rule 202.21 (AR, p. 24).

Harley appealed the ALJ's findings to the Appeals Council. The Appeals Council vacated the ALJ's decision and rendered its own findings which constitute the Commissioner's Final Decision. Like the ALJ, the Appeals Council acknowledged that Harley "does have a medically determinable condition [i.e., chronic pancreatitis][2] which could reasonably be expected to produce the symptoms alleged" (AR, p. 5). However, the Appeals Council concluded that he does not have "[1] any medically determinable impairment or combination of impairments which [2] has more than a minimal effect on his ability to do any work activity. Therefore, the claimant does not have a

---

[2] Other claimed impairments were either unsupported by objective medical evidence or were otherwise non-severe.

severe impairment" (AR, p. 7). Whereas the ALJ had denied the claim at step 5, the Appeals Council found that a step 2 denial was supported and appropriate.

In reviewing the decision of the Appeals Council, the court is limited to determining whether the Appeals Council's controlling findings are supported by substantial evidence in the record; that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson, supra.; Kirk, supra.* For the following reasons, the court concludes that the Appeals Council's decision is supported by substantial evidence and must be affirmed.

The Appeals Council found, contrary to the finding of the ALJ, that Harley's chronic pancreatitis does not constitute a severe impairment. The Appeals Council explained its decision:

> The Appeals Council considered the claimant's statements concerning his subjective complaints (Social Security Ruling 96-7p). The claimant does have a medically determinable condition which could reasonably be expected to produce the symptoms alleged. The hearing decision found that the claimant's pancreatitis is a severe impairment, but the medical evidence reflects that this impairment does not translate to such extensive exertional restrictions on work as found in the decision (page 5).
>
> The claimant's subjective complaints are not fully credible for the following reasons. **The decision provides a discussion of the evidence in the record, including the treatment records and unremarkable findings of physical consultative examiner Monte Martin, M.D.** (Exhibit 12F). However, **this discussion supports the finding that the claimant has no severe impairment.** The hearing decision notes, page 5, that in October and November 2004 the claimant was noted to be doing well by his treating physician. Treatment records reflected that diagnostic tests showed only mild esophagitis and reflux gastritis. Furthermore, September 2005 evaluation by a cardiologist revealed no evidence of coronary artery disease. A May 2006 consultative examination performed by Monte Martin, M.D. revealed that the claimant had no limitation in function. The claimant's weight was noted to be 201 pounds at a height of five feet, ten inches, reflecting a normal weight and a body mass index of 28.8 (Exhibit 12F)...[A]t the hearing the claimant testified that he weighed 207 pounds, which was his normal weight (page 6). Thus the claimant has not experienced significant weight loss as a result of his pancreatitis (Exhibits 1F through 12F, 14F, and 18F through 22F)...The claimant submitted no new treatment records [on appeal to the Appeals Council]...

(AR, pp. 5-6).

The ALJ made the factual finding that

> [Harley's] allegations of frequent abdominal pain and diarrhea are not credible and not supported by his history of treatment. He has been hospitalized a number of times for acute pancreatitis, but all of the hospitalizations but one occurred before his alleged onset date when he was working full time. The last hospitalization documented was in January 2006 with only outpatient treatment since then. He has negative tests, and the source of the pancreatitis is undetermined. In addition, he lives a fairly active lifestyle in that he takes his children to school each day, drives regularly and performs chores at home.

(AR, p. 23). However, she found Harley's impairment to be severe. The Appeals Council correctly found that the objective evidence did not support the conclusion that Harley has a severe impairment. While Harley had a number of acute incidents in the past, nothing in the record going forward from the 2006 hospitalization suggested that chronic pancreatitis would significantly impact Harley's ability to work, his own subjective complaints notwithstanding. Dr. Martin's "unremarkable findings" from his examination of Harley credited by both the ALJ and the Appeals Council were that:

> This is a 34-year-old gentle man with a history of chronic pancreatitis. He does not use alcohol and has recently had his gallbladder removed. The etiology of his pancreatitis is unknown. His last episode was January 2006, approximately five of six months ago. On my examination today, I found no physical exam evidence of limitation nor is there any evidence of acute pancreatitis or any evidence of an inflamed liver. This patient does not show evidence of chronic weight loss or chronic diarrhea relating to his gallbladder being removed either. He is currently on appropriate medications for the chronic pancreatitis and seems to be following his doctor recommendations. I do not find any limitations from my exam today.

(AR, pp. 389-90). This evaluation supports the finding that Harley's impairment is non-severe.

In appealing the ALJ's decision, Harley submitted a March 17, 2009 letter from Dr. Crain, his treating physician, in which Dr. Crain stated that, in his opinion, Harley became "disabled for substantial gainful employment" on January 16, 2006 as a result of the combination of acute on chronic pancreatitis, GERD, hyperglycemia- glucose intolerance, cholesterol problems, depression, and panic disorder. (AR, p. 479). He has been treating Harley since May of 1997. Dr. Crain recounted Harley's hospitalizations in 2004 and 2006 for acute pancreatitis. The most recent test result he noted was a CT scan performed on December 21, 2007 which indicated a mild diffuse fatty infiltration of the liver. However, he opined in 2009 that

> It is my opinion that the acute exacerbation of his chronic pancreatitis is so severe in nature that it causes Mr. Harley to have physical limitations even while on medication everyday to control the pancreatitis as much as possible. At this time, there is no further medical treatment that I can give to Mr. Harley other than continuing to monitor his condition and provide the medication to help alleviate the symptoms as much as possible. However, any stressful situation or exertional action can exacerbate his condition and thereby causing [sic] severe abdominal pain and cramping, nausea, diarrhea, that are the main symptoms that occur with acute or chronic pancreatitis. Therefore, Mr. Harley would need to take rest periods throughout the day, if he felt the symptoms coming on and, depending on the severity of the symptoms, would need to lie down for a period of time or leave work for the rest of the day.

The Appeals Council found that despite the opinion that Harley has "physical limitations" due to his chronic pancreatitis, the only limitation identified by Dr. Crain was the need to take rest periods or lie down throughout the day if he was experiencing symptoms. In finding Dr. Crain's conclusions unsupported by the objective evidence, the Appeals Council also noted that (1) Harley had not required hospitalization since January 2006, (2) the May 2006 consultative exam by Dr. Martin revealed normal weight and no physical limitations,

and (3) 2007 and 2008 diagnostic tests of the liver and bowel respectively were unremarkable. Thus the Appeals Council's rejection of Dr. Crain's broad conclusion that Harley had "physical limitations" was well supported. The 2009 letter of Dr. Crain offered little to bolster subjective complaints of a debilitating level of pain and incapacitation inasmuch as the letter spoke only in general terms that "stressful situations can exacerbate his condition." The Appeals Council noted various normal diagnostic test results, lack of physical limitations, or hospitalizations which supported its finding of no severe impairment.

The Appeals Council considered the entire record and found Harley not disabled on the basis that Harley's subjective complaints were not fully credible and that he did not have any medically determinable impairment or combination of impairments which has more than a minimal effect on his ability to do any work activity. (AR, p. 7). As he was thus found not to have a severe impairment, the Appeals Council concluded that Harley was not disabled as defined in the Social Security Act at any time through the date of the ALJ's April 19, 2008 decision. (AR, p. 7).

For the reasons set forth herein, the court concludes that the Appeals Council's controlling findings are supported by substantial evidence in the record and that it employed the proper legal standard in reaching its decision. *Richardson v. Perales*, 402 U.S. 389 (1971). The decision must therefore be affirmed. The court having conducted a *de novo* review of those portions of the Report and Recommendation of the United States Magistrate Judge to which objection was made and the record as a whole, the Report and Recommendation will be rejected, and this Memorandum Opinion shall constitute the

decision of the court. An order and separate judgment will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**